UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOURDES CANDITA PEREZ PADILLA,

                Plaintiff,

-against-

DEPARTMENT OF SOCIAL SERVICE
HOUSING AUTHORITIES, *et al.*,

                Defendants.

22-CV-8073 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint alleging that Defendants violated her rights. By order dated July 19, 2023, the Court dismissed Plaintiff's complaint for failure to state a claim. (ECF No. 11.) The Court dismissed all Section 1983 claims against Defendants Yaxaira Bermeo, "Construction Company = River City Development = Portchester NY. Mike Prieto and Edgar Mocha," "Roger Guarda = Coinarte Office," "Robert Jacobson = Family = pharmacy and Surgical Supply," Dr. Dent = Orthopedics," St. Joseph's Hospital, Louis Albano and Mary Alice Brady, Cherry Valley Supermarket, Nick Sullo, Saint Vincent's Hospital, and "Dr. Daniel Neghassi = Sun river health care," but granted Plaintiff leave to file an amended complaint **solely** to provide facts that state valid claims against the Department of Social Services and its employees, and the Municipal Housing Authority for the City of Yonkers and its employees, and to allege that her claims against these Defendants are properly joined, pursuant to Rule 20 of the Federal Rules of Civil Procedure (*Id.*)

    Plaintiff filed an amended complaint on April 27, 2023, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND AND DISCUSSION

Plaintiff's amended complaint names many of the same Defendants dismissed by the Court's April 3, 2023 order, and repeats many of the same allegations from her original complaint. In addition to filing an amended complaint, from April 28, 2023, through October 11, 2023, Plaintiff filed a series of letters requesting various forms of relief including money, shelter, and assistance for herself, her daughter, and grandchildren. (ECF Nos. 15-28.)

Because Plaintiff's amended complaint does not address the concerns identified in the April 3, 2023 order, the Court remains unable to discern the claims that Plaintiff is attempting to assert against each named Defendant. Plaintiff reiterates the claims she seeks to assert on behalf of her husband; asserts, without providing supporting facts, that private Defendants violated her rights; and does not provide sufficient facts to show that any of her claims are properly joined. In summary, Plaintiff's amended complaint fails to cure any of the deficiencies in her original complaint.

For the reasons stated in the Court's April 3, 2023 order, the Court dismisses Plaintiff's amended complaint for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff has failed to allege any valid federal claims, the Court declines to exercise supplemental jurisdiction of any state-law claims Plaintiff seeks to raise in the amended complaint. *See Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state-law claims where no federal claims remained).

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because

3

the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's requests for money, shelter, and assistance for her daughter and grandchildren (ECF Nos. 15-28) are denied as moot. All other matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to enter judgment in this case.

SO ORDERED.

Dated:  October 16, 2023
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge