UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LOURDES CANDITA PEREZ PADILLA,

                Plaintiff,

-against-                          22-CV-8073 (LTS)

DEPARTMENT OF SOCIAL SERVICE          ORDER
HOUSING AUTHORITIES, *et al.*,

                Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff filed this action *pro se*. By order dated April 3, 2023, the Court dismissed Plaintiff's complaint for failure to state a claim. (ECF No. 11.) The Court dismissed all Section 1983 claims against Defendants Yaxaira Bermeo, "Construction Company = River City Development = Portchester NY. Mike Prieto and Edgar Mocha," "Roger Guarda = Coinarte Office," "Robert Jacobson = Family = pharmacy and Surgical Supply," Dr. Dent = Orthopedics," St. Joseph's Hospital, Louis Albano and Mary Alice Brady, Cherry Valley Supermarket, Nick Sullo, Saint Vincent's Hospital, and "Dr. Daniel Neghassi = Sun river health care," but granted Plaintiff leave to file an amended complaint **solely** to provide facts that state valid claims against the Department of Social Services and its employees, and the Municipal Housing Authority for the City of Yonkers and its employees, and to allege that her claims against these Defendants are properly joined, pursuant to Rule 20 of the Federal Rules of Civil Procedure (*Id.*)

        Plaintiff filed an amended complaint on April 27, 2023, naming many of the same Defendants dismissed by the Court's April 3, 2023 order, and repeating many of the same allegations from her original complaint. (ECF No. 14.) In addition to filing an amended complaint, from April 28, 2023, through October 11, 2023, Plaintiff filed a series of letters

requesting various forms of relief including money, shelter, and assistance for herself, her daughter, and grandchildren. (ECF Nos. 15-28.)

By order dated October 16, 2023, the Court dismissed Plaintiff's amended complaint for failure to state a claim because it did not address the concerns identified in the April 3, 2023 order, and because the Court remained unable to discern the claims that Plaintiff was attempting to assert against each named Defendant. (ECF No. 29.) Because Plaintiff failed to allege any valid federal claims, the Court declined to exercise supplemental jurisdiction of any state law claims Plaintiff sought to raise in the amended complaint. The Court also denied as moot Plaintiff's requests for money, shelter, and assistance for her daughter and grandchildren. (ECF Nos. 15-28.)

On December 20, 2023, Plaintiff filed a motion for reconsideration (ECF No. 33), a motion for extension of time to file a notice of appeal (ECF No. 34), and a notice of appeal (ECF No. 35). By order dated July 30, 2024, the United States Court of Appeals for the Second Circuit issued an order directing the Court to

> consider whether the pending motions for reconsideration and an extension should be construed as seeking to reopen the time to appeal and whether such relief should be granted.

(ECF No. 38.) In accordance with the Second Circuit's order, the Court considers Plaintiff's motion for reconsideration and her request for an extension of time to file a notice of appeal.

## DISCUSSION

### A.  Motion for Reconsideration

Plaintiff's December 20, 2023 submission asks this court to reconsider its October 16, 2023 dismissal of the amended complaint. Under Fed. R. Civ. P. 59(e), however, a request to alter or amend a judgment must be filed within 28 days after the entry of judgment. Under Local Civil Rule 6.3, a motion for reconsideration must be filed within 14 days "after the entry of the

2

Court's determination of the original motion, or in the case of a court order resulting in a judgment, within . . . (14) days after the entry of the judgment." *Id.* Here, judgment was entered on October 16, 2023 and Plaintiff did not file her request until December 20, 2023, more than 60 days later. Accordingly, the request falls outside the deadline of either standard and therefore must be denied as untimely.

Even if Plaintiff had timely filed her request, her motion does not provide the information necessary for the Court to reconsider its decision under Fed. R. Civ. P. 59(e) or Local Civil Rule 6.3. Plaintiff does not demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e). In addition, Plaintiff's motion for reconsideration, much like her previous submissions in this case, does not comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. It remains unclear what claims Plaintiff seeks to assert against Defendants.

Moreover, in the attached complaint, Plaintiff includes a new list of Defendants, making it clear to the Court that she is attempting to assert claims that are outside the scope of the Court's April 3, 2023 order.[1] *See SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use

---

[1] To the extent that Plaintiff wishes to assert claims against new Defendants, she is free to file a new action in this court. The Court advises Plaintiff that a new action must be accompanied by the $405.00 in filing fees required to file an action in this court, or a completed and signed request to proceed *in forma pauperis* ("IFP").

such a motion to advance new theories or adduce new evidence in response to the court's ruling.'") (internal quotation and citations omitted).

In order to extend further solicitude to Plaintiff, as a *pro se* litigant, the Court considers whether the submission meets the standard for a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b), which would be timely filed. Fed. R. Civ. P. 60(c)(1) (a motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submission, however, the Court finds that they fall short of meeting that standard as well.

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

4

The Court has considered Plaintiff's submission, and even under a liberal interpretation of her motion, Plaintiff does not include information showing that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) is applicable. Therefore, the motion is denied to the extent it seeks relief under any of those clauses.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has not provided facts demonstrating that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

B.   **Request for extension of time to file notice of appeal**

Plaintiff's motion for an extension of time to file a notice of appeal must be denied as untimely. Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of judgment. A district court may grant a limited extension of time to file a notice of appeal if: (1) a party moves for the extension no later than thirty days after the time prescribed by Rule 4(a) expires; and (2) the moving party establishes excusable neglect or good cause. Fed. R. App. P. 4(a)(5).

Because Plaintiff's motion was filed more than sixty days after the entry of judgment, the Court lacks the authority to grant Plaintiff an extension of time to file a notice of appeal. *See Goode v. Winkler*, 252 F.3d 242, 245 (2d Cir. 2001) (holding that district court had no authority

5

to consider *pro se* motion under Fed. R. App. P. 4(a)(5) filed over thirty days after expiration of initial appeal period). Plaintiff must seek permission to file a late notice of appeal from the United States Court of Appeals for the Second Circuit.

As directed by Court of Appeals on July 30, 2024, the Court also considers whether it may reopen Plaintiff's time to appeal. Under Rule 4(a)(6) of the Federal Rules of Appellate Procedure, the district court may reopen the time to appeal for a period of 14 days if the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry. Fed. R. App. P. 4(a)(6). Plaintiff asserts in her request for an extension of time to file a notice of appeal that the court did not notify her and "mail paper." (ECF No. 34.) A review of the docket for this case, however, reveals that when Plaintiff filed this action on September 21, 2022, she also filed a consent to receive electronic service of notices and documents in this case. (ECF No. 3.) That notice, which Plaintiff completed and signed, advised her that she would no longer receive paper copies of case filings, including motions, decisions, orders, and other documents, and that she must regularly review the docket sheet of her case so that she does not miss a filing. (*Id.*) A further review of the court's docket reveals that the order of dismissal and civil judgment (ECF Nos. 29-30) were emailed to Plaintiff at the email address she provided to the court. She thus was timely notified of the decision. Accordingly, because Plaintiff has not met the requirements of Rule 4(a)(6) of the Federal Rules of Appellate Procedure, the Court declines to reopen Plaintiff's time to appeal.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 33) and request for an extension of time to appeal (ECF No. 34) are denied.

This action remains closed. The Clerk of Court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why she should not be barred from filing further documents in this action.

If Plaintiff wishes to pursue the claims she attempted to assert in her motion for reconsideration, she may a new action in this court that complies with Rule 8 of the Federal Rules of Civil Procedure, as noted in the Court's April 3, 2023 order of dismissal with leave to replead. (ECF No. 11.) The Court reminds Plaintiff that a new action must be accompanied by the $405.00 in filing fees required to file an action in this court, or a completed and signed request to proceed IFP.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 6, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge